**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INGRAM TANZY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAHRI YAYLACI and LONG ISLAND FREIGHT CORP,<br><br>　　　　Defendants. | Case No. 1:21-cv-01187-NONE-JLT<br><br>ORDER GRANTING MOTION TO SET ASIDE DISMISSAL AND JUDGMENT<br><br>(Doc. 11) |

　　　　On August 5, 2021, the plaintiff, through his counsel of record, Bruce Paller, filed this diversity negligence action, which relates to a motor vehicle accident. (Doc. 1.) According to the complaint, the California Highway Patrol determined that the defendant driver was at fault. (*Id*., ¶ 2.) The Court issued summonses and new case documents the same day. (Docs. 3–4.) On October 22, 2021, shortly before the initial scheduling conference was set to take place, the Court ordered the plaintiff to show cause why sanctions should not be imposed for the failure to prosecute the action because no proofs of service had been filed. (Doc. 5.) When the plaintiff failed to respond, the Court recommended the matter be dismissed for failure to prosecute. (Doc. 9.) That recommendation was adopted by the then-assigned district judge on December 9, 2021. (Doc. 10.) All the Court's orders were served electronically on Mr. Paller only. (*See* Docket.)

　　　　Meanwhile, at some point beginning in August 2021, the plaintiff's attorney "began to experience several medical issues." (Doc. 11-2, ¶ 8, 12.) As detailed in the record, the medical

1

1 issues were serious and significantly impacted his ability to work, so much so that he referred out
2 or associated in counsel on almost all of his cases. (*Id*., ¶ 11.) Counsel indicates he has been
3 largely out of the office since the summer of 2021. (*Id*.) In relation to this case, upon becoming
4 ill, Counsel requested that his assistant contact another attorney to associate into the case. (*Id*., ¶
5 12.) In late August 2021, Mr. Paller executed a notice of association of counsel and emailed it to
6 the lawyer who had indicated he would take on the case. (*Id*., ¶ 14.) Counsel thereafter believed
7 the other lawyer was taking over responsibility for this case. (*Id*.)

8       Upon a routine review of his pending cases in early December 2022, Mr. Paller
9 discovered that the matter had not been attended to by the other attorney and instead had been
10 dismissed for failure to prosecute. (*Id*., ¶ 18–20.) Counsel immediately reviewed his email
11 account and was unable to locate any electronic notices from the Court. (*Id*., ¶ 21–23 (opining
12 that the emails may have gone to "spam" and been automatically deleted by the email provider).)
13 On December 7, 2022, Counsel filed a motion to set aside the judgment pursuant to Federal Rule
14 of Civil Procedure 60. (Doc. 11) Counsel indicates therein that he now has another attorney
15 available to assist him with this matter. (Doc. 11-2, ¶ 24.)

16       Rule 60(b)(1) allows the Court to set aside a judgment based on mistake, inadvertence, or
17 excusable neglect. Excusable neglect "encompasses both simple, faultless omissions to act and,
18 more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick*
19 *Assocs*., 507 U.S. 380, 388 (1993). The determination as to whether neglect is excusable "is at
20 bottom an equitable one, taking account of all relevant circumstances surrounding the party's
21 omission." *Id*. at 395. A proper analysis includes consideration of four factors: (1) the danger of
22 prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the
23 reason for the delay including whether it was within movant's reasonable control, and (4) whether
24 movant acted in good faith. *Id*. Rule 60(b)(1) does not excuse ignorance, carelessness, or
25 inexcusable neglect for mistakes of law. *See Latshaw v. Trainer Wortham & Co., Inc*., 452 F.3d
26 1097, 1100-01 (9th Cir. 2006).

27       The Court finds that the first two factors weigh in favor of setting aside judgment. The
28 case remains in an early stage, with service not yet having been accomplished. Moreover,

1   Counsel indicates that there may be only three witnesses to the car accident in question, "all of
2   whom are still readily available." (Doc. 11-1 at 4.) In addition, this case was filed in mid-2021.
3   Due to the ongoing judicial resource emergency in this District, very few civil cases have moved
4   forward in a timely manner. Therefore, it is unlikely that any delay experienced because of the
5   dismissal would materially impact the pace of this litigation overall. Relatedly, the Court cannot
6   envision how the delay could have prejudiced the defendants.

7   The third and fourth factors also weigh in favor of granting the motion. Regarding the
8   reason for the delay, the record demonstrates that Plaintiff's Counsel became seriously ill shortly
9   after the filling of the Complaint and made reasonable efforts to turn this matter over to another
10  attorney. "Ill health is a common reason for excusable neglect." *Alvarez v. Berryhill*, No. 3:17-
11  CV-2236-AJB-NLS, 2018 WL 1035213, at *2 (S.D. Cal. Feb. 23, 2018). Standing alone, the
12  Court might not accept as "excusable" Counsel's representation that his email service diverted the
13  Court's Notices of Electronic Filing to "spam." However, when considered alongside all the other
14  circumstances, including Counsel's extended illness and absence from the office, the absence of
15  attention to the Court's filings is understandable. Relatedly, there is no indication of bad faith. For
16  all these reasons, the Court finds the *Pioneer* standard is met here.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion to set aside (Doc. 11) the December 9, 2021 Judgement (Doc. 10), is **GRANTED**.

(2) The Clerk of Court is directed to RE-OPEN this case.

(3) The plaintiff SHALL file proof of service within 20 days.

IT IS SO ORDERED.

Dated:   **April 25, 2023**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3